**WHIPPLE AZZARELLO, LLC**
John A. Azzarello
161 Madison Avenue Suite 325
Morristown, New Jersey 07962
(973) 267-7300
azzarello@whippleazzarellolaw.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOTICE OF REMOVAL**

JANE DOE,
Plaintiff,
v.

Civil Action No: _____

Document Electronically Filed

D.W.,
Defendant

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY:**

**PLEASE TAKE NOTICE** that Defendant D.W., by and through his attorneys Whipple

Azzarello, LLC remove this matter to the Court from the Superior Court of New Jersey, Law

Division, Morris County, pursuant to USC §1332(a)(1).

1. Pursuant to Rule 10.1 of the Local Civil Rules, the addresses of the named parties are

as follows:

a. Plaintiff Jane Doe states in her complaint that she is a resident of Dover, New

Jersey.[1] Plaintiff is represented by Dan Shapiro, Esq., the Law Office of Daniel

B. Shapiro, 101 Park Street, Montclair, New Jersey 07042.

---

[1] Because Plaintiff is proceeding via pseudonym, her full address is not set forth herein. Similarly. Defendant's initials and town of residence, only, are used pending this Court's determination on permitting Defendant to proceed anonymously. If required, amended pleadings will be filed.

      b.  Defendant D. W. is a resident of the State of Connecticut who resides in, Collinsville, Connecticut and is represented by counsel whose address is set forth above.

2. Plaintiff initiated this action in the Superior Court of New Jersey. Morris County, on August 29, 2020. A copy of the Complaint and Summons is attached hereto as Exhibit A.

3. Defendant filed an Answer[2] and Counterclaim on October 6, 2020. A copy of Defendant's Answer and Counterclaim is attached hereto as Exhibit B.

4. Plaintiff filed an Answer to the Counterclaim on October 14, 2020. A copy of that pleading is attached hereto as Exhibit C.

5. No other process, pleadings, or orders have been entered.[3]

6. Plaintiff alleges she was abused by Defendant, who is her step-brother, over fifty years ago. Defendant proceeded to defend this case under the impression that the amount in controversy did not exceed $75,000 given the allegations made. Even Defendant's counterclaim for defamation was not expected to reach the jurisdictional limit given the anticipated amount in controversy and potential damages. Notably, Plaintiff's answers to interrogatories (requests served on her in November 2020), indicated that she has sought no mental health treatment or other therapy as a result of Defendant's alleged actions, further indicating to Defendant that Plaintiff had limited to no economic damages.

---

[2] Simultaneous with filing his answer, Defendant filed a motion to proceed anonymously, or, in the alternative to seal, which motion has not been decided. Defendant intends on making an application to this Court to proceed using initials.

[3] The parties have pending motions to compel/quash. No orders have been entered. The parties can submit that briefing to this Court if required.

7. On April 27, 2021 Defendant, via a telephone conference between counsel, made a settlement offer to Plaintiff well below the jurisdictional limit of $75,000, believing it to be a fair approximation of the value of the case given the nature of Plaintiff's accusations and the apparent lack of economic damages. Plaintiff countered with a settlement demand well in excess of seven figures. To clarify Plaintiff's estimation of damages, Defendant promptly requested a Statement of Damages pursuant to *R.* 4:5-1. Plaintiff's response to that Statement of Damages, valuing her claims at over $2,000,000.00, is attached hereto as Exhibit D.

8. Defendant therefore reasonably and diligently sought to ascertain the value of Plaintiff's case through the service of discovery requests, service of a Demand for Statement of Damages, and initiation of settlement discussions. These measures indicate that Defendant has not unreasonably delayed in ascertaining the amount in controversy. Moreover, this removal motion is brought within the one-year time period set forth in 28 U.S.C. § 1446(3)(B).

9. Therefore, defendant brings this removal notice within thirty days of first being apprised of the valuation of the case pursuant to 28 U.S.C. § 1446(b)(3).

## DIVERSITY OF CITIZENSHIP IS SATISFIED

10. District Courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 when the case is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

11. Plaintiff's complaint alleges that she is resident of New Jersey.

12. Defendant is a resident of Connecticut.

13. Plaintiff and Defendant are the only parties to the action.

14. Therefore, complete diversity exists.

## AMOUNT IN CONTROVERSY IS SATISFIED

15. The amount in controversy, as first made evident by Plaintiff's settlement demands, satisfies the jurisdictional limits.

16. "The amount in controversy is measured 'not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Stockton v. TD Bank Group*, Civ. Action. No. 13-254 (CCC)(MF), 2013 U.S. Dist. LEXIS 138534 at *6-7, D.N.J Sep. 9, 2013) citing *Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002)* (quoting *Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993*. "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."§ 1446(b)(3).

17. Plaintiff's alleged damages as first set forth in her Statement of Damage provided Defendant with the "other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*.

18. A settlement demand has been acknowledged as a valid method of evaluating the amount in controversy for the purpose of removal.

19. "Numerous courts have explained that *Rule 408* does not preclude consideration of settlement demands in evaluating the amount in dispute for diversity jurisdiction

purposes. See, e.g., *McPhail v. Deere &Co., 529 F. 3d 947, 956 (10th Cir. 2008)*; *Cohn v. Petsmart, 281 F.3d 837, 840 n.3 (9th Cir. 2002)* ("We reject the argument that [*Rule 408*] prohibits the use of settlement offers in determining the amount in controversy."); *Rollo v. Keim, No, 09-146, 2009 U.S. Dist. LEXIS 56292, at \*9-10 n.6 (N.D. Fla. June 16, 2009)* ("Plaintiffs' argument that the court is prohibited from considering their demand letter under *Federal Rule of Evidence 408* is unconvincing and misplaced . . . It does not expressly or implicitly disallow the use of such communications to determine the amount in controversy for purposes of determining federal jurisdiction.")." *Stockton v. TD Bank Group*, Civ. Action. No. 13-254 (CCC)(MF), 2013 U.S. Dist. LEXIS 138534 at \*6-8, D.N.J Sep. 9, 2013.

20. Defendant exercised reasonable diligence is ascertaining Plaintiff's damages, which were not evident from the face of the Complaint, through the prompt service of discovery requests, settlement discussions, and a Demand for Statement of Damages. Receipt of Plaintiff's Statement of Damages was the first "paper" from which it was "first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## VENUE

21. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a).

## NOTICE

22. Defendant is promptly serving Plaintiff with this Notice of Removal and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Civil Part, Morris County pursuant to 28 U.S.C. § 1444(d).

**WHEREFORE**, Defendant respectfully removes this matter to this Court pursuant to 28 U.S.C. §§ 1332 and 1446.

**WHIPPLE AZZARELLO, LLC**

By: *s/  John A. Azzarello.*
John A. Azzarello, Esq.

Dated: May 13, 2021

## CERTIFICATIONS

I hereby certify that, on this date, a copy of the within notice and supporting documents were filed via ECF and served upon counsel for Defendant, with copies sent to the Clerk of the Superior Court of New Jersey, Morris County.

I further certify that the matter in controversy is not the subject of any other Court, arbitration, or administrative proceeding, which involves the same set of facts and circumstances as those set forth herein.

Plaintiff, through undersigned counsel, hereby certifies that the amount in controversy in this matter exceeds $150,000.00 exclusive of interest, costs, and claims for punitive damages.

**WHIPPLE AZZARELLO, LLC**

*s/ John A. Azzarello*

Dated:        May 13, 2021

# EXHIBIT A

Attorney(s):        Daniel B. Shapiro, Esq.
Attorney Id No.:    017361991
Law Firm:           Law Office of Daniel B. Shapiro
Address:            101 Park Street
                    Montclair, New Jersey 07042

Telephone No.:      (973) 746-8662
Fax No.:            (973) 860-4600
E-mail:             dshapiro@danielshapirolaw.com
Attorney(s) for Plaintiff(s): Jane Doe

| | |
|---|---|
| Jane Doe | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| | MORRIS COUNTY |
| Plaintiff(s) | |
| vs. | DOCKET NO.: MRS-L-001734-20 |
| Douglas Wisch | |
| | CIVIL ACTION |
| Defendant(s) | **Summons** |

## FROM THE STATE OF NEW JERSEY

To the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is provided and available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of § 175.00          and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

31 - Summons - Law or Chancery Divisions
Superior Court, Appendix XII-A. CN 10153.
Rev. 11/14   P11/18

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey statewide hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is provided and available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Date: **August 31, 2020**

*Michelle Smith*

*Clerk of the Superior Court*

Name of Defendant to be Served: **Douglas Wisch**

Address of Defendant to be Served: **Litchfield Hills Orthopedic Associates at 245 Alvord Park Road, Torrington, Connecticut, 06790**

A True Copy
Attest:
Process Server
Jade

31 - Summons - Law or Chancery Divisions
Superior Court. Appendix XII-A. CN 10153.
Rev. 11/14  P11/18

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2

The Law Office of Daniel B. Shapiro
101 Park Street
Montclair, New Jersey 07042
973-746-8662
Attorney I.D. 017361991

_____

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION - MORRIS COUNTY

Jane Doe                                CIVIL ACTION NO: MRS-L--

          Plaintiff,                    COMPLAINT


            v.

Douglas Wisch
          Defendants
_____

Plaintiff Jane Doe alleges as follows:

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

1. A pseudonym for Plaintiff is used to preserve privacy in a matter of sensitive and highly personal nature and because identification of Plaintiff poses a risk of mental harm, harassment, ridicule and/or personal embarrassment, and because the case involves information of the utmost intimacy.

2. At all times relevant herein and at the present, Plaintiff is a resident of the Town of Dover, County of Morris, State of New Jersey.

3. Plaintiff's date of birth is May 14, 1965.

4. The events described hereinbelow occurred in the County of Bergen and at other locations.

1

5.  Venue and Jurisdiction over this action is properly found in the State of New Jersey, County of Morris.

6.  Defendant, Douglas Wisch, hereinafter DOUGLAS, is the Plaintiff's half-brother and his date of birth is December 23, 1960.  He is four years and five months older than the Plaintiff.

7.  DOUGLAS resides at 87 Wright Road, Collinsville, Connecticut 06019.

8.  DOUGLAS' father, Dr. Wisch, after divorcing his first wife, married Plaintiff's mother and adopted the Plaintiff.  There were two children from DOUGLAS' father's marriage who are Plaintiff's half-brothers.  DOUGLAS has an older brother who is twelve years older than DOUGLAS and Plaintiff has a younger brother born of the marriage between DOUGLAS' father and Plaintiff's mother.

9.  Plaintiff first met DOUGLAS approximately two years before their parents married. DOUGLAS was living in an apartment complex known as Jan Court in Fairlawn, New Jersey with his father who had partial custody of DOUGLAS. Dr. Wisch moved into Jan Court while he was divorcing his spouse, DOUGLAS's mother.

10. The apartment had two bedrooms and the Plaintiff's mother stayed with Dr. Wisch in one bedroom and DOUGLAS and the Plaintiff shared the second bedroom each having their own bed.

11. Plaintiff was approximately eight and DOUGLAS twelve years old when they began sharing a bedroom with two separate beds.

12. Plaintiff's bed was by the window in the room.

13. DOUGLAS, when he was approximately twelve-and-one-half years old commenced a pattern of sexually molesting the Plaintiff shortly after they began to share the bedroom

2

in the Fairlawn apartment.

14. DOUGLAS entered Plaintiff's bed and rolled her body so that she was face down with her face in her pillow and he was on top of her. When she turned to look back at him to see what he was doing, he pushed her face down into her pillow to keep her from watching him.

15. DOUGLAS penetrated Plaintiff's anus with his penis.

16. DOUGLAS sexually molested the Plaintiff on numerous occasions after the first incident.

17. From time to time DOUGLAS would lay on top of the Plaintiff inserting his penis between her legs or rubbing it against her buttocks until he achieved orgasm. After he achieved orgasm he would roll off of the Plaintiff and return to his bed.

18. Plaintiff felt relief when she felt DOUGLAS' semen on her buttocks as she knew that he was done and would leave her alone.

19. After, DOUGLAS would tell the Plaintiff words to the effect "you better not tell anybody; if you do, I will kill your dog, kill you or hurt your mother". The intent was to frighten Plaintiff from disclosing his acts.

20. This sexual act was performed on the Plaintiff at other locations. Plaintiff's father kept a large sailboat. The Plaintiff slept in the curtained upper bunk and DOUGLAS slept in the sleeping area below the Plaintiff's bed. Plaintiffs parents would sleep in their bunk in the front of the boat away from Plaintiff's sleeping area and would lock their door; DOUGLAS appeared not to fear that they would come out of the room after the door was locked and would sexually molest the Plaintiff on her upper bunk behind the curtain. DOUGLAS also molested the Plaintiff on ski vacations at a rented vacation home.

21. The sexual abuse continued after Dr. Wisch returned to live in the marital home located

3

28-09 Fairlawn Avenue, Fairlawn, New Jersey after marrying Plaintiff's mother.

22. Plaintiff and DOUGLAS had separate bedrooms but DOUGLAS would enter Plaintiff's bedroom and abuse her at night and on weekends.

23. DOUGLAS caused Plaintiff to fear him and comply with his requests by striking her and once offering to take care of a dog bite but instead rubbing alcohol into the wound in a very rough and painful way.

24. DOUGLAS continued to sexually abuse Plaintiff from the time Plaintiff was eight years old until she was approximately fifteen or sixteen years old.

25. Plaintiff's last memory of abuse was when DOUGLAS was in his junior year of college and when DOUGLAS was approximately nineteen or twenty years old and Plaintiff was approximately fifteen or sixteen years old.

26. Plaintiff visited DOUGLAS at his college campus and stayed in his dorm room with him overnight and DOUGLAS sexually molested her in his school dorm room.

27. DOUGLAS returned on weekends from college and would ask Plaintiff if she had told anyone about the sexual abuse while he was away. DOUGLAS would sexually abuse Plaintiff during those visits.

28. At one point in time DOUGLAS had a girlfriend which caused Plaintiff to feel jealousy as she confused the sexual abuse she was subjected to as affection or positive attention.

29. Plaintiff was afraid to reveal that she was being abused and did not begin to disclose the facts of the abuse until later in life, first to husband and friends and then to her children.

30. Plaintiff came to realize much later in life that the sexual abuse was wrong and damaging. She became aware that certain painful and destructive thoughts and feelings and excessive use of alcohol was related to the abuse.

4

FIRST CAUSE OF ACTION
AGAINST DEFENDANT DOUGLAS WISCH FOR
VIOLATION OF THE NEW JERSEY SEXUAL ABUSE ACT
2A:61B-1

31. Plaintiff repeats and realleges the facts and allegations contained with paragraphs 1 to 30
of the complaint as if fully set forth herein.

32. "Sexual abuse" within the New Jersey Sexual Abuse Act (the "Act") is defined as an act
of sexual contact or sexual penetration between a child under the age of 18 years and an
adult.

33. "Sexual Contact" within the New Jersey Sexual Abuse Act is defined as "an intentional
touching by the victim or actor, either directly or through clothing, of the victim's or actor's
intimate parts for the purpose of sexually arousing or sexually gratifying the actor."

34. "Sexual penetration" means vaginal intercourse, cunnilingus, fellatio or anal intercourse
between persons or insertion of the hand, finger or object into the anus or vagina either
by the adult or upon the adult's instruction.

35. "Intimate Parts" as defined under the New Jersey Sexual Abuse Act includes the following
body parts: sexual organs, genital area, anal area, inner thigh, groin, buttock or breast of a
person.

36. DOUGLAS sexually abused Plaintiff by sexually penetrating the Plaintiff and by having
sexual contact with the Plaintiff by intentionally touching the Plaintiff's intimate parts
including sexual organs, genital area, anal area, inner thigh, groin, buttock or breast for
the purpose of sexually arousing or sexually gratifying DOUGLAS when Plaintiff was a
child of the age of eight and continuing until Plaintiff was age fifteen or sixteen and when
DOUGLAS was an adult of the age, approximately, of twenty.

5

37. Sexual abuse by the Defendant of the Plaintiff by sexual penetration and sexual contact between the Plaintiff and Defendant caused the Plaintiff "Injury or illness" which is defined a psychological injury or illness, whether or not accompanied by physical injury or illness. Plaintiff's injuries include psychological injuries which are permanent in nature.

38. In any civil action for injury or illness based on sexual abuse, the cause of action shall accrue at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse. Any such action shall be brought within 37 years after reasonable discovery.

39. Pursuant to the New Jersey Sexual Abuse Act § 2A:14-2b. entitled Commencement of Actions Notwithstanding the Statute of Limitations, N.J.S.2A:14-2, section 2 of P.L.2019, c.120 (C.2A:14-2a), section 1 of P.L.1964, c.214 (C.2A:14-2.1), or any other statute, an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1), that occurred prior to the effective date [Dec. 1, 2019] of P.L.2019, c.120 (C.2A:14-2a et al.), and which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following the effective date.

40. Plaintiff commenced this action within 37 years of reasonable discovery and this action was commenced within two years from December 1, 2019 and is properly filed.

41. As a direct and proximate result of DOUGLAS' wrongful actions and sexual assaults and battery and abuse as described above, Plaintiff has suffered permanent, severe, and continuing injuries, including, but not limited to post-traumatic stress disorder, anxiety, depression, low self-esteem and confidence, physical and psychological trauma, pain, and

6

suffering, severe mental anguish, loss of capacity for enjoyment of life, self-medication with alcohol, emotional distress, inability to trust others, nightmares, debilitating terror, repression of memories and emotions, humiliation, anxiety, embarrassment, and psychological denial, repression, accommodation, and disassociation, all to Plaintiff's damage in the sum to be determined.

42. As a further direct and proximate result of DOUGLAS' wrongful actions and sexual assaults and battery and abuse as described above, Plaintiff has incurred, and will continue to incur, expenses for medical care and treatment, psychological therapy, psychiatric therapy, and medication, all to Plaintiff's further damage.

43. Plaintiff is therefore entitled to an award of compensatory damages.

44. The conduct of DOUGLAS as described above was intentional, reckless, grossly negligent, willful, wanton, oppressive, and done with actual malice and disregard for Plaintiff's rights and safety. As a result, Plaintiff is entitled to an award of punitive damages.

SECOND CAUSE OF ACTION
AGAINST DEFENDANT DOUGLAS WISCH FOR INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS

45. Plaintiff realleges Paragraphs 1 through 44 of this complaint as if set forth in full here.

46. DOUGLAS knew, or in the exercise of reasonable care should have known, that his sexual assaults and battery and abuse of Plaintiff would result in serious emotional distress to the Plaintiff.

47. In doing the acts alleged above, DOUGLAS acted with willful, wanton, reckless, intentional, and deliberate disregard for the likelihood that Plaintiff would suffer severe emotional distress as a direct and proximate result of his sexual abuse of Plaintiff.

7

48. DOUGLAS's conduct as alleged above was extreme and outrageous, and went beyond all bounds of decency.

49. As a direct and proximate result of DOUGLAS's wrongful actions and sexual assaults and battery and abuse as described above, Plaintiff suffered severe emotional distress.

THIRD CAUSE OF ACTION
BY PLAINTIFF AGAINST DEFENDANT DOUGLAS WISCH
FOR INVASION OF PRIVACY

50. Plaintiff realleges Paragraphs 1 through 49 of this complaint as if set forth in full herein.

51. DOUGLAS's wrongful actions and sexual assault and battery and abuse of the Plaintiff as described above was an invasion of the Plaintiff's privacy and was done in malicious and wanton disregard of the Plaintiff's feelings, character, and reputation.

52. As a direct and proximate result of DOUGLAS's invasion of Plaintiffs' privacy as described above, Plaintiff suffered embarrassment, public ridicule, humiliation, and mental pain and anguish.

WHEREFORE, Plaintiff respectfully requests that the court enter a judgment in favor of Plaintiff against DOUGLAS to award Plaintiff the following:

1. General and special damages as to all causes of action in an amount to be determined.

2. Punitive damages as to all causes of action.

3. The costs of this action; and

4. Such other and further relief as the court considers just and proper.

Dated: August 28, 2020

_____
Daniel B. Shapiro, attorney for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c), Daniel B. Shapiro is designated as trial counsel for the Plaintiff in the above matter.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R. 4:5-1(b)(2), it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

## CERTIFICATION

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b)." R. 4:5-1(b)(3).

## JURY DEMAND

The Plaintiff hereby demands trial by a jury on all of the triable issues of this complaint pursuant to R. 1:8-2(b) and 4:35-(a).

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b), demand is made that Defendant disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action, or indemnify or reimburse for payments made to satisfy the judgment, and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe, and umbrella policies.

Dated: August 28, 2020

_____

Daniel B. Shapiro, attorney for
Plaintiff

# Civil Case Information Statement

**Case Details: MORRIS | Civil Part Docket# L-001734-20**

**Case Caption:** DOE JANE VS WISCH DOUGLAS

**Case Initiation Date:** 08/29/2020

**Attorney Name:** DANIEL B SHAPIRO

**Firm Name:** DANIEL B. SHAPIRO

**Address:** 101 PARK ST

MONTCLAIR NJ 07042

**Phone:** 9737468662

**Name of Party:** PLAINTIFF : Doe, Jane

**Name of Defendant's Primary Insurance Company**

**(if known):** Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** NJ eCourts Case Initiation Confirmation

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Jane Doe?** YES
**Plaintiff's date of birth:** 05/14/1965
**Est. date of first incident of abuse:** 05/14/1973

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/29/2020
Dated

/s/ DANIEL B SHAPIRO
Signed

# EXHIBIT B

WHIPPLE AZZARELLO, LLC
John A. Azzarello, Esq. I.D. 037451990
161 Madison Avenue, Suite 325
Morristown, New Jersey 07960
(973) 267-7300
Attorneys for Defendant D.W.

| | |
|---|---|
| | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: MORRIS COUNTY |
| | DOCKET NO.: MRS-L-001734-20 |
| JANE DOE, | : |
| Plaintiff, | :         Civil Action |
| v. | : |
| | :   **ANSWER AND COUNTERCLAIM ON** |
| D.W., |      **BEHALF OF DEFENDANT** |
| | : |
| Defendant. | : |

Defendant D.W. hereby answers the Plaintiff's Complaint as follows[1]:

### Facts Applicable to All Causes of Action

1. Admit.

2. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendant admits living in Bergen County but denies the allegations described in Plaintiff's complaint took place.

5. Admit.

6. Denied. Defendant was born in 1959.

---

[1] Filed herewith is a motion to seal and/or proceed using Defendant's initials. Should that motion be denied, an amended answer may be filed.

7. Admit.

8. Denied. Defendant has two brothers from his father's first marriage and one younger half-brother.

9. Defendant recalls an apartment being on either Route 208 or Route 4. Defendant is without knowledge or information sufficient to admit or deny the remainder of the allegations contained in paragraph 9 of Plaintiff's complaint.

10. Denied. Plaintiff would visit sporadically Defendant's father with her mother before Plaintiff's mother married Defendant's father.

11. Denied. Plaintiff never lived at the apartment of Defendant's father and only occasionally visited on weekends.

12. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of Plaintiff's complaint.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendant admits he had girlfriends. Defendant is without knowledge or information sufficient to admit or deny the remainder of the allegations set forth in paragraph 28 of Plaintiff's Complaint. Defendant denies he ever abused Plaintiff.

2

29. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 29 of Plaintiff's complaint. Defendant denies he ever abused Plaintiff.

30. Defendant admits that Plaintiff has had substance abuse issues for years and denies the remainder of the allegations contained in paragraph 30.

31. Defendant repeats his responses above as if set forth fully herein.

32. Paragraph 32 sets forth a legal conclusion to which no response is required.

33. Paragraph 33 sets forth a legal conclusion to which no response is required.

34. Paragraph 34 sets forth a legal conclusion to which no response is required.

35. Paragraph 35 sets forth a legal conclusion to which no response is required.

36. Denied.

37. Denied.

38. Paragraph 38 sets forth a legal conclusion to which no response is required.

39. Paragraph 39 sets forth a legal conclusion to which no response is required.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Defendant repeats his responses above as if set forth fully herein.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Defendant repeats his responses above as if set forth fully herein.

51. Denied.

52. Denied.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, and awarding him costs of suit and any such other relief the Court deems equitable and just.

3

## AFFIRMATIVE AND OTHER DEFENSES

1.  Plaintiff's Complaint is barred by the applicable statute of limitations.

2.  Plaintiff's Complaint should be dismissed due to Plaintiff's fraud.

## TRIAL COUNSEL DESIGNATION

Defendant hereby designates John A. Azzarello as his trial counsel in this matter.

## COUNTERCLAIM

Defendant D.W., by way of a counterclaim against Plaintiff Jane Does, says:

1.  After Plaintiff's mother passed away, Defendant's father removed Plaintiff from his will due to financial support that had been given to Plaintiff during her mother's life which was unknown at the time to Defendant's father. Upon information and belief, that support included Defendant's father's money being used to fund multiple lawsuits brought by Plaintiff, defend against a foreclosure on Plaintiff's home, and various other expenses totaling over $500,000.00.

2.  Therefore, as a result of Defendant's father learning of the totality of those expenses following the death of Plaintiff's mother, Defendant's father removed Plaintiff from his will although Plaintiff was the beneficiary of various pensions and life insurance payments paid when Defendant's father passed away in 2019.

3.  Upon information and belief, Plaintiff's filing of the instant Complaint is an attempt to punish Defendant for her being disinherited as well as an attempt to extort money from Defendant to compensate for the funds she did not inherit from Defendant's father.

### COUNT 1: Defamation

4.  Plaintiff, by filing the instant complaint and by other communications, has accused Defendant of sexual assault, sexual abuse, and/or sexual molestation.

5.  Plaintiff, by filing the instant complaint and by other communications, has therefore made allegations against Defendant which injure his reputation and would expose him to hatred, contempt or ridicule.

6.  Plaintiff, by filing the instant complaint and through other communications, has caused or will cause Defendant to lose the goodwill or confidence of others.

4

7.   Plaintiff, by filing the instant complaint and through other communications, has injured or will injure the Defendant in his trade or business, namely his previously unimpeached reputation as a physician and attendant business earnings.

8.   By filing the instant complaint, Plaintiff caused multiple persons to read the defamatory statements about Defendant, with those persons reasonably understanding that the statements refer to Defendant.

9.   The statements made by Plaintiff, in the instant Complaint and otherwise, as they relate to Defendant are false.

COUNT 2: Intentional Infliction of Emotional Distress

10.  Defendant repeats the allegations above as if set forth fully herein.

11.  Knowingly falsely and publicly accusing an individual, especially a physician of unimpeached reputation like Defendant, of sexual assault is morally reprehensible, extreme and outrageous, and goes beyond the bounds of human decency.

12.  By filing the instant complaint, Plaintiff intended to cause Defendant emotional distress.

13.  Plaintiff intended, or acted with willful disregard for, the emotional distress filing the instant complaint would have on Defendant.

14.  Defendant has suffered and continues to suffer emotional distress from the filing of Plaintiff's complaint, especially as Plaintiff's allegations may impact Defendant's previously unimpeached reputation as a physician.

15.  The distress suffered by Defendant is severe and of a nature no reasonable person could be expected to endure.

**WHEREFORE**, Defendant demands judgment in his favor and against Plaintiff:

1). Dismissing Plaintiff's complaint with prejudice;

2). Awarding Defendant punitive damages;

3). Awarding Defendant damages including costs of suit and attorney's fees; and

4). Such other and further relief as the Court deems just and equitable.

**WHIPPLE AZZARELLO, LLC**

By: _John A. Azzarello_
    John A. Azzarello

Dated:  October **6** , 2020

5

## CERTIFICATIONS PURSUANT TO R. 4:5-1

I hereby certify pursuant to R. 4:5-1(b)(2) that this matter is not the subject of any other action pending in any court of a pending arbitration proceeding, and that no other action or arbitration is contemplated. I further certify that I know of no other non-party who should be joined in this action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

I further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

John A. Azzarello

6

## CERTIFICATION OF FILING AND SERVICE

I hereby certify that on this date, a copy of the within Answer, Affirmative Defenses and Counterclaim on behalf of Defendant was filed with the Superior Court of New Jersey, Morris County, via e-courts and was served on counsel for Plaintiff via same within the time permitted by the applicable rules.

Amy Valentine McClelland

Dated: October 6 , 2020

7

MRS-L-001734-20   10/06/2020 3:23:08 PM   Pg 1 of 1 Trans ID: LCV2020177326

## Civil Case Information Statement
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| For Use by Clerk's Office Only | |
|---|---|
| Payment type: ☐ ck ☐ cg ☐ ca | |
| Chg/Ck Number: | |
| Amount: | |
| Overpayment: | |
| Batch Number: | |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| John A. Azzarello | (973) 267-7600 | Morris |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Whipple Azzarello LLC | 01734-20 |

| Office Address | Document Type |
|---|---|
| 161 Madison Avenue Ste 325 Morristown NJ 07960 | Answer and Counterclaim |
| | Jury Demand   ☐ Yes   ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| D.W., Defendant | Jane Doe v. D.W. |

| Case Type Number (See reverse side for listing) | Are sexual abuse claims alleged? | Is this a professional malpractice case?   ☐ Yes   ■ No |
|---|---|---|
| 605 | ■ Yes   ☐ No | If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |

Related Cases Pending?   ☐ Yes   ■ No        If "Yes," list docket numbers

| Do you anticipate adding any parties (arising out of same transaction or occurrence)?   ☐ Yes   ■ No | Name of defendant's primary insurance company (if known)   ■ None   ☐ Unknown |
|---|---|

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship?   ■ Yes   ☐ No | If "Yes," is that relationship:   ☐ Employer/Employee   ☐ Friend/Neighbor   ☐ Other (explain)   ■ Familial   ☐ Business |
|---|---|

Does the statute governing this case provide for payment of fees by the losing party?   ☐ Yes   ■ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations?   ☐ Yes   ■ No | If yes, please identify the requested accommodation: |
|---|---|
| Will an interpreter be needed?   ☐ Yes   ■ No | If yes, for what language? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature: *John A. Azzarello*        10/6/2020

# Civil Case Information Statement

**Case Details: MORRIS | Civil Part Docket# L-001734-20**

**Case Caption:** DOE JANE VS WISCH DOUGLAS

**Case Initiation Date:** 08/29/2020

**Attorney Name:** JOHN A AZZARELLO

**Firm Name:** WHIPPLE AZZARELLO, LLC

**Address:** 161 MADISON AVENUE SUITE 325
MORRISTOWN NJ 07960

**Phone:** 9732677300

**Name of Party:** DEFENDANT : WISCH, DOUGLAS

**Name of Defendant's Primary Insurance Company
(if known):** None

**Case Type:** PERSONAL INJURY

**Document Type:** Answer

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: JANE DOE?** YES
**Plaintiff's date of birth:** 05/14/1965
**Est. date of first incident of abuse:** 05/14/1973

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Familial

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/06/2020
Dated

/s/ JOHN A AZZARELLO
Signed

# EXHIBIT C

The Law Office of Daniel B. Shapiro
101 Park Street
Montclair, New Jersey 07042
973-746-8662
Attorney I.D. 017361991

                SUPERIOR COURT OF NEW JERSEY
                LAW DIVISION - MORRIS COUNTY

Jane Doe                    CIVIL ACTION NO: MRS-L-001734-20

           Plaintiff,          ANSWER TO COUNTERCLAIM

           v.

Douglas Wisch
        Defendants

Plaintiff Jane Doe by Answer to Defendant's Counterclaim say:

1. Denied and admitted in part. Plaintiff admits that Defendant's father removed Plaintiff from his will however Plaintiff denies that financial support in the sum of $500,000 was given to Plaintiff during her mother's life. Plaintiff also denies that she brought multiple lawsuits against others and that Defendant's father's money was used to fund any lawsuits.

2. Denied and admitted in part. Plaintiff admits that her father removed her from his will but denies that the reason she was removed from her father's will was due to her father's learning of the totality of those expenses following the death of her mother. Plaintiff was not the recipient of the aforementioned financial support. Plaintiff admits she was the recipient of a portion of her mother's life insurance, her single pension and approximately

1

$7,000.00 of financial support during her mother's life which, upon information and belief, her father was aware of.

3. Denied. While, upon information and belief, Defendant and his brother influenced their father to disinherit the Plaintiff who received an unjust portion of her father' estate, Plaintiff's claims for damages arise from Defendant's sexual abuse and molestation of her.

4. Admit. Plaintiff has communicated with her family and certain close friends and relatives.

5. Admit and deny in part. Plaintiff admits filing the complaint but because the allegations are true, Plaintiff denies being the cause of injury to Defendant's reputation. Any injury, hatred, contempt or ridicule to which Defendant is exposed will arise from Defendant's own acts.

6. Deny. Any loss of goodwill or confidence of others has or will be caused by Defendant's own acts.

7. Deny. Any injury to trade or business has or will be caused by Defendant's own acts.

8. Deny that such statements are defamatory because they are true.

9. Denied. Such statements are true and are not defamatory.

10. Plaintiff repeats Plaintiff's answers to Defendant's counterclaim as if fully set forth herein.

11. Deny to the extent such claim refers to Defendant as all claims made in the complaint are true.

12. Deny as all claims made in the complaint are true.

13. Deny as all claims made in the complaint are true.

2

14. Cannot admit or deny as Defendant's allegation relates to the state of Defendant's emotions which are not known to Plaintiff.

15. Cannot admit or deny as Defendant's allegation relates to Defendant's emotions which are not known to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the court dismiss Defendant's counterclaim in its entirety.

Dated: October 14, 2020

_____
Daniel B. Shapiro, attorney for Plaintiff

## CERTIFICATION OF FILING AND SERVICE

I herby certify that on this date a copy of the within answer to counterclaim on behalf of Paintiff was filed with the Superior Court of New Jersey, Morris County via e-courts and was served on counsel for Defendant for via same within the time period permitted by applicable rules of Court.

Dated: October 14, 2020

_____
Daniel B. Shapiro, attorney for Plaintiff

3

# EXHIBIT D

The Law Office of Daniel B. Shapiro
101 Park Street
Montclair, New Jersey 07042
973-746-8662
Attorney I.D. 017361991

_____

                                 SUPERIOR COURT OF NEW JERSEY
                                 LAW DIVISION - MORRIS COUNTY

Jane Doe                              CIVIL ACTION NO: MRS-L-001734-20

               Plaintiff,                STATEMENT OF DAMAGES

                   v.

Douglas Wisch
               Defendants

_____

Plaintiff Jane Doe provides this first and initial statement of damages as requested in the
Defendant's answer.  Plaintiff reserves the right to amend and/or supplement the statement of
damages as additional information is obtained through investigation and discovery.

**Past damages:**

As a direct and proximate result of DOUGLAS' wrongful actions and sexual assaults and battery
and abuse as described above, Plaintiff has suffered permanent, severe, and continuing injuries,
including, but not limited to post-traumatic stress disorder, anxiety, depression, low self-esteem
and confidence, physical and psychological trauma, pain, and suffering, severe mental anguish,
loss of capacity for enjoyment of life, self-medication with alcohol, emotional distress, inability
to trust others, nightmares, debilitating terror, repression of memories and emotions, humiliation,
anxiety, embarrassment, and psychological denial, repression, accommodation, and
disassociation.   The amount of damages is based on an approximation of the value each day

1

living as an abused molested person which is one hundred dollars per day ($100.00). The abuse commenced on or around May 14, 1973 when Plaintiff was eight year of age. As of May 14, 2021 Plaintiff has lived Seventeen Thousand Five Hundred and Twenty-Eight days which equates to damages of One Million Seven Hundred and Fifty-Two Thousand Eight Hundred Dollars ($1,752,800.00)

**Future Damages:**

As a direct and proximate result of DOUGLAS' wrongful actions and sexual assaults and battery and abuse as described above, Plaintiff will suffer permanent, severe, and continuing injuries, including, but not limited to post-traumatic stress disorder, anxiety, depression, low self-esteem and confidence, physical and psychological trauma, pain, and suffering, severe mental anguish, loss of capacity for enjoyment of life, self-medication with alcohol, emotional distress, inability to trust others, nightmares, debilitating terror, repression of memories and emotions, humiliation, anxiety, embarrassment, and psychological denial, repression, accommodation, and disassociation for the balance of her life. The amount of damages is based on an approximation of the value each day living as an abused molested person which is one hundred dollars per day ($100.00). Based on Plaintiff's current age, which is fifty-five, according to the New Jersey Court Rules, Appendix 1-A Life Expectancy Tables for All Races and Both Sexes, Plaintiff's remaining life span is 26 years. Plaintiff's damages calculated at One Hundred Dollars per Day for 26 years equals Nine Hundred and Forty-Nine Thousand Dollars ($949,000.00).

Dated: May 10, 2021

_____
Daniel B. Shapiro, attorney for Plaintiff

2