UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE,<br>Plaintiff,<br>v.<br><br>Douglas Wisch,<br>Defendant | Civil Action No: 2:21-cv-11183-MCA-MAH<br><br>Joint Discovery Plan Dispute Submission |

**PART ONE:** Basis of Dispute:

The present discovery dispute involves production of tax return and financial information from Defendant and from the estate of the parties' deceased father.

**PART TWO**: Plaintiff's Statement:

1. This complaint arises from Defendant's sexual molestation of Plaintiff. Plaintiff became Defendant's step sister when Defendant's father married Plaintiff's mother. Plaintiff's mother pre-deceased Defendant's father and upon Defendant and Plaintiff's father's death, Plaintiff learned he had changed his will and disinherited her.

2. Defendant served a Counterclaim in this action with two separate Counts, one for Defamation and the other for Intentional Infliction of Emotional Distress.

Both Counts are based on the following allegation[1]:

> "After Plaintiff's mother passed away, Defendant's father removed Plaintiff from his will due to financial support that had been given to Plaintiff during her mother's life which was unknown as the time to Defendant's father. Upon information and belief, that support included Defendant's father's money being used to fund multiple lawsuits brought by Plaintiff, defendant against a foreclosure on Plaintiff's home, and various other expenses

---

[1] See Defendant's Answer filed with this Court.

    totaling over $500,000.00. Therefore, as a result of Defendant's father learning of the totality of those expenses following the death of Plaintiff's mother, Defendant's father removed Plaintiff from his will although Plaintiff was the beneficiary of various pensions and life insurance payments paid when Defendant's father passed away in 2019. Upon information and belief, Plaintiff's filing of the instant Complaint is an attempt to punish Defendant for her being disinherited as well as an attempt to extort money from Defendant to compensate for the funds she did not inherit from Defendant's father".

3. Plaintiff is seeking discovery relating to the assets held by the Estate (which may be held in the Marvin Wisch revocable trust) plus information necessary to assess the alleged damage to Defendant's reputation. Evidence relating to the Marvin Wisch Estate is relevant pursuant to R. 401 because it has a "tendency in reason to prove" Defendant's counterclaim.

4. Defendant objected to the Plaintiff's requests for the following information. The information is relevant to Defendant's Counterclaim and discoverable.

    a. a copy of Defendant's business and personal Federal and State Tax returns for years 2017-2020;

    b. copies of Federal and State Estate Tax returns for the Estate of Marvin Wisch and/or the Marvin Wisch revokable trust;

    c. an accounting of the income, assets and distributions to date of Marvin Wisch's estate and or the Marvin Wisch revokable trust.\

5. Plaintiff seeks discovery of documents and the right to question any witness or witnesses regarding the Defendant's counterclaims.

**PART THREE**: Defendant's Statement:

1. In response to Plaintiff, who is Defendant's stepsister, filing a false complaint alleging sexual abuse by Defendant, Defendant filed a counterclaim for defamation and intentional infliction of emotional distress based on the falsity of Plaintiff's claims. In support of that counterclaim, Defendant theorized (as permissible at the pleading stage of litigation), that Plaintiff's claim was actually retaliation for her being disinherited upon the passing of Defendant's father (who had adopted Plaintiff after marrying Plaintiff's mother). Defendant's counterclaim for defamation referenced, as potential damages, any economic loss that might arise from Plaintiff's untrue claims. Plaintiff raised her exclusion from the will in her interviews with her proposed expert.

2. Plaintiff seeks not only the estate information and tax returns for their deceased father, but has also demanded Defendant's personal tax returns.

3. Plaintiff is not entitled to the tax returns because there is no compelling need for that information to establish her assault claim or to defeat Defendant's counterclaim. *Campione v. Soden*, 150 N.J. 163, 190 (1997) The financial information sought by Plaintiff is not relevant to assaults she alleges took place decades ago. To succeed on his defamation claim, Defendant need neither establish Plaintiff's motive nor his own economic loss. Rather, judgment against Plaintiff on her underlying claims creates a *prima facie* defamation action. No financial information is relevant to a determination of whether Plaintiff was assaulted by Defendant, and therefore none is necessary to establish or defend against Defendant's defamation claim.

4. Even if Plaintiff had established a "compelling need" for the tax returns, producing them in discovery is permissible if the information sought cannot be obtained by less intrusive

methods. And in almost all instances, *in camera* review of the requested materials is required before they are produced to an adversary. *Fishel v. Rosen*, 2018 N.J. Super. Unpub. LEXIS 211 (App. Div. Sep. 13, 2018).

5. Such confidential financial information should not be disclosed merely because of a theory asserted. For example, even when punitive damages are asserted, a court will generally not compel disclosure of financial information merely until the party has established 'proof of a prima facie case as a condition precedent to discovery of a defendant's financial condition[.]'' *Herman*, 133 N.J. at 346. Here, should Defendant establish a *prima facie* defamation claim (upon defeat of Plaintiff's spurious claims), and submit a claim for economic loss, his tax return information may become relevant, and the issue could be decided by the trial judge. Pretrial disclosure at this time is unwarranted.For the reasons set forth above, Defendant contends Plaintiff is not entitled to the documents or information sought. The deposition of the father's accountant may be taken without the specifics of the estate assets being asked or the production of the requested documents. Likewise, Defendant's deposition should not include questions on either his or the Estate's confidential tax information. Defendant notes the overbreadth of Plaintiff's request above, to question "any witness" with knowledge of the financial documents sought, which are wholly irrelevant to the underlying claims.

6. Defendant also seeks access to Plaintiff's medical records. Plaintiff has agreed to provide signed waiver forms to facilitate the release of her medical information by her various physicians as provided in written discovery.

Respectfully submitted,

| | |
|---|---|
| The Law Office of Daniel B. Shapiro<br>Daniel B. Shapiro<br>s/ Daniel B. Shapiro<br><br>101 Park Street<br>Montclair, New Jersey 07042<br>Attorneys for Plaintiff | WHIPPLE AZZARELLO, LLC<br>By: John A. Azzarello<br>s/ John A. Azzrello<br><br>161 Madison Ave. Ste. 325<br>Morristown, New Jersey 07960<br>Attorneys for Defendant |