```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY

JANE DOE,                            .
                                     .
        Plaintiff,                   .
                                     . Case No. 21-cv-11183
vs.                                  .
                                     . Newark, New Jersey
DOUGLAS WISCH,                       . October 5, 2021
                                     .
        Defendant.                   .
                                     .


                TRANSCRIPT OF RECORDED OPINION
              BY THE HONORABLE MICHAEL A. HAMMER
                UNITED STATES MAGISTRATE JUDGE
```

This oral opinion has been reviewed and revised in accordance with L. Civ. R. 52.1.

APPEARANCES:   No one was present.

Audio Operator:

Transcription Service:      KING TRANSCRIPTION SERVICES
                            3 South Corporate Drive, Suite 203
                            Riverdale, NJ  07457
                            (973) 237-6080

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

```
 1              (Commencement of proceedings)
 2
 3         THE COURT:  Before the Court is the matter of Jane
 4  Doe v. Douglas Wisch, Civil No. 21-11183.  This matter comes
 5  before the Court by way of a joint discovery dispute letter
 6  filed on October 4, 2021, D.E. 5.
 7         Plaintiff seeks from the defendant the following
 8  items:  (1) copies of Defendant's business and personal tax
 9  returns, both federal and state, from the period of 2017
10  through 2020; (2) copies of federal and state estate tax
11  returns for the Estate of Marvin Wisch and/or the Marvin
12  Wisch Revocable Trust; and (3) an accounting of the income,
13  assets, and distributions to date of Marvin Wisch's Estate
14  and/or the Marvin Wisch Revocable Trust.
15         The Defendant objects to these discovery demands on
16  the basis of relevance.
17         By way of background, Plaintiff has sued the
18  Defendant pursuant to the New Jersey Sexual Abuse Act,
19  N.J.S.A. § 2A:61B-1 and 2A:14-2b.  Plaintiff also alleges
20  claims for intentional infliction of emotional distress and
21  invasion of privacy.
22         Defendant has posed counterclaims for, inter alia,
23  defamation.
24         Plaintiff alleges that she and the Defendant are
25  stepsister and stepbrother and that the Defendant is four
```

years and five months older than the Plaintiff.  Plaintiff alleges that the Defendant sexually molested the Plaintiff for a seven-year period beginning when Plaintiff was eight and Defendant was approximately thirteen and ending when Plaintiff was 15 and the Defendant was 19 or 20 years old. The Defendant denies abusing or assaulting the plaintiff and, in fact, says that there was never any sexual contact between them.  Defendant alleges that Plaintiff's claims are defamatory and made to punish Defendant because Marvin Wisch, Defendant's father and Plaintiff's stepfather, ultimately cut Plaintiff out of his will.

Plaintiff argues that the discovery she seeks is "necessary to assess the alleged damage to Defendant's reputation.  Evidence relating to the Marvin Wisch Estate is relevant pursuant to Rule 401 because it has 'a tendency in reason to prove' Defendant's counterclaim."  See Joint Discovery Dispute Letter, D.E. 5, at page 2.

In response, Defendant acknowledges that he has filed counterclaims for defamation as well as intentional infliction of emotional distress based on Plaintiff's claims being false and that Defendant's theory, as set forth in the answer and counterclaims, is that Plaintiff brought this lawsuit in retaliation for Plaintiff being disinherited upon the death of Marvin Wisch.  However, Defendant argues that the tax returns are not relevant and Plaintiff certainly has

1 not met the heightened standard for the production of tax
2 returns that case law has established.  Defendant argues that
3 the financial information that Plaintiff seeks in this
4 dispute is neither relevant to whether the assaults that she
5 alleges actually occurred nor to Defendant's defamation
6 claim.
7          The Court considers the current dispute in the
8 context of Federal Rule of Civil Procedure 26 and notes that
9 this issue lies within the sound discretion of this Court.
10 See Salamone v. Carter's Retail Inc., Civil No. 09-5856, 2011
11 WL 1458063 at *2 (D.N.J. April 14, 2011).  As a general
12 proposition, Rule 26 is to be construed fairly broadly and
13 should encompass "any matter that bears on, or that
14 reasonably could lead to other matter that could bear on, any
15 issue that is or may be in the case."  See Oppenheimer Fund,
16 Inc., v. Sanders, 437 U.S. 340, 351 (1978); Halpin v.
17 Barnegat Bay Dredging Company, Civil No. 10-3245, 2011 WL
18 2559678, at *10 (D.N.J. June 27, 2011).
19          However, Rule 26 is not without its limits.  And,
20 in fact, "the trial court retains discretion to determine
21 that a discovery request is too broad and oppressive,"
22 Schneck v. IBM, 1993 WL 765638, at *2 (D.N.J. July 27, 1993),
23 or that the discovery sought is plainly not relevant to the
24 claims or contentions in the litigation.  Further, relevance
25 by itself is not sufficient to find that tax returns are

discoverable.  "Congress has guaranteed that federal income tax returns will be treated as confidential communications between a taxpayer and the government."  See DeMasi v. Weiss, 669 F.2d 114, 119 (3d Cir. 1982).  The Third Circuit explained this protection is intended to encourage full disclosure to the taxing authorities by protecting the confidentiality of the personal information contained in the return.  Id. at 120.  Therefore, the Court must balance this privacy interest against the requesting party's "need for the information, its materiality, and its relevance."  Id.

A party seeking an order compelling the disclosure of tax returns must demonstrate a compelling need, in that the tax information is not only relevant, but also the information is not otherwise readily obtainable.  See Wiggins v. Clementon Police Department, 2009 WL 2382240, at *3 - *4 (D.N.J. July 30, 2009) ("In setting the appropriate bounds of discovery in this case the Court is mindful that the Third Circuit recognizes the public policy favoring non-disclosure of income tax returns as confidential communications between a taxpayer and the government.  'While tax returns do not enjoy an absolute privilege from discovery, a public policy against unnecessary public disclosures arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns'"; see also Schneck, 1993 WL 765638, at *8.  Indeed, even if a party's

tax return contains relevant financial information, the Court must protect it against disclosure if the party resisting disclosure demonstrates good cause to uphold the expectation of privacy and "the availability of reliable financial information from other sources."  See Farmers and Merchants National Bank v. San Clemente Financial Group Securities, Inc., 174 F.R.D. 572, 585 (D.N.J. 1997).  Therefore,

> To determine whether tax returns in a given case are discoverable, courts have applied a two-part test.  First, the party seeking discovery bears the burden of demonstrating relevance.  If relevant, the tax returns will be discoverable unless the party resisting discovery meets its burden of proving there is no compelling need for the tax returns because the information available in the tax returns can be obtained from other sources.

Fort Washington Resources Inc. v. Tannen, 153 F.R.D. 78, 80 (E.D. Pa. 1994).

In this case, the Court must conclude that Plaintiff has failed to articulate the relevance of the requested returns.  The Court's independent analysis of the claims in this case and Plaintiff's discovery request does not reveal that the information Plaintiff seeks, including but not limited to the tax returns, are relevant under Rule 16.  Plaintiff does not argue, nor can the Court discern, that the information Plaintiff seeks here is

relevant to Plaintiff's claims against Defendant for sexual molestation, intentional infliction of emotional distress, and invasion of privacy. Plaintiff argues that the discovery is relevant to Defendant's counterclaim for defamation, but the Court struggles to understand how and Plaintiff's portion of the joint letter fails to provide that explanation. The Court considers the elements of defamation. Defamation requires a party to show (1) that the Defendant communicated to a third person, (2) a false statement about the Plaintiff, (3) that "tended to harm the Plaintiff's reputation in the eyes of the community or to cause others to avoid Plaintiff." W.J.A. v. D.A., 416 N.J. Super. 380, 384-85 (App. Div. 2010), affirmed and remanded, 210 N.J. 229 (2012) (quoting McLaughlin v. Rosanio, 331 N.J. Super. 303, 312 (App. Div. 2000)).

Plaintiff fails to explain, nor does the Court's independent analysis reveal how the information sought by Plaintiff in this dispute is relevant to any of the elements of defamation. Moreover, to the extent Defendant's counterclaim for defamation arises from the filing of the complaint in this matter, as the Defendant suggests, see, e.g., Joint Discovery Dispute Letter, D.E. 5 at *3, it is difficult to imagine from a time frame standpoint how records from the period of 2017 to 2020 are relevant in establishing or probing whether, in fact, the Defendant's reputation has

1 been harmed by the alleged defamatory statements.

2     Plaintiff did not file this action until 2021. And, therefore, to the extent that the claim for defamation rises from the filing of the complaint, the injuries arising from that alleged defamation would not have begun to accrue until the filing of the complaint in 2021.  Further, to the extent that Plaintiff seeks this information to probe the Defendant's assertion that Plaintiff's motivation arose from being disinherited, Plaintiff fails completely to explain why the tax returns and an accounting of the income, assets, and distributions from the Marvin Wisch Estate would be relevant. To be sure, discovery establishing whether Marvin Wisch, in fact, removed Plaintiff from his will would plainly be relevant.

15    Although Plaintiff did not address it in her section of the joint letter, the Court has also considered the damages generally available to a party alleging defamation in an effort to determine whether the discovery sought is relevant.  This analysis leads to the same conclusion, specifically that the financial discovery that Plaintiff seeks here is simply not relevant to the defamation claim.  As a general proposition, "Damages which may be recovered in an action for defamation are:  (1) compensatory or actual, which may be either (a) general or (b) special; (2) punitive or exemplary; and (3) nominal." W.J.A., 210

```
 1  N.J. at 239 ("Actual damages ... refers to the real losses
 2  flowing from the defamatory statement.... is not limited to
 3  out-of-pocket loss," but includes "impairment to reputation
 4  and standing in the community," along with personal
 5  humiliation, mental anguish, and suffering to the extent that
 6  they flow from the reputational injury."  Id. (quoting Gertz
 7  v. Robert Welch, Inc., 418 U.S. 323, 350 (1974)).
 8  Additionally, New Jersey allows for presumed damages, a
 9  procedural device that allows the party to obtain a nominal
10  damages award "without proving actual harm to his
11  reputation."  W.J.A., 210 N.J. at 233, 239.
12          The Court cannot discern from the panoply of
13  damages available to a party alleging defamation how the
14  financial information that Plaintiff seeks here would be
15  relevant.  That is so particularly because, as the Court
16  noted, it appears that the Defendant alleges that the
17  defamation itself are the Plaintiff's claims in this
18  litigation, and, therefore, damages accruing from that would
19  not have begun until the filing of the litigation in 2021.
20          For those reasons, the Court concludes that
21  Plaintiff's discovery requests should be denied for lack of
22  relevance.  But the Court also notes that Plaintiff has
23  failed to carry her burden to establish the first prong of
24  the two-part test for the discovery of tax returns.
25          For those reasons, the Court will deny Plaintiff's
```

1  request for the financial information sought in the
2  October 4, 2021, joint letter.
3          That constitutes the opinion of the Court.  An
4  appropriate order will issue.
5                  (Conclusion of proceedings)

Certification

I, SARA L. KERN, Transcriptionist, do hereby certify that the 11 pages contained herein constitute a full, true, and accurate transcript from the official electronic recording of the proceedings had in the above-entitled matter; that research was performed on the spelling of proper names and utilizing the information provided, but that in many cases the spellings were educated guesses; that the transcript was prepared by me or under my direction and was done to the best of my skill and ability.

I further certify that I am in no way related to any of the parties hereto nor am I in any way interested in the outcome hereof.

s/ *Sara L. Kern*                                    15th of February, 2022
_____    _____
Signature of Approved Transcriber                Date


Sara L. Kern, CET**D-338
King Transcription Services
3 South Corporate Drive, Suite 203
Riverdale, NJ  07457
(973) 237-6080