**WHIPPLE AZZARELLO, LLC**
Attorneys at Law

161 Madison Avenue, Suite 325
Morristown, New Jersey 07960
Tel: (973) 267-7300
Fax: (973) 267-0031
whippleazzarellolaw.com

**JOHN C. WHIPPLE**
Certified by the Supreme Court of
New Jersey as a Criminal Trial Attorney

**JOHN A. AZZARELLO**
Admitted in New Jersey
and New York

**AMY VALENTINE McCLELLAND**
Of Counsel

**ADAM M. ELEWA**
Admitted in New Jersey
and New York

October 6, 2022

**Via ECF**
Honorable Jose R. Almonte, U.S.M.J.
United States District Court
District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Square
Newark, New Jersey 07102

    Re:    *Jane Doe v. Douglas Wisch*
            2:21-cv-11183-EP-JRA

Dear Judge Almonte:

This office is counsel to Defendant Douglas Wisch in the above-captioned action. We submit this letter in lieu of a more formal brief in support of the parties' joint motion for an Order pursuant to Local Civil Rule 5.3(c) to seal the docket in this matter.

As the Court is aware, following a settlement conference with Your Honor, the parties engaged in mediation with Magistrate Judge Mark Falk (Ret.) and were able to reach an amicable settlement of the claims made in Plaintiff's Complaint and Defendant's Counterclaim. The parties are in the process of executing their settlement documents and intend to file a Stipulation of Dismissal in short order. Through the mediation process, the parties agreed that the claims made by Plaintiff involve allegations of conduct committed when both parties were minors. Moreover, the parties agree that the sensitive nature of the claims, combined with the fact that the most graphic allegations made involved juveniles, justify limiting public access. Plaintiff further appreciates that although she filed her action using initials, Defendant's identity being public compromises her confidentiality. For the reasons that follow, the

parties ask that entries in the docket that reflect the nature of the allegations made be sealed from public access.

**LEGAL ARGUMENT**

The Third Circuit has recognized "a common law public right of access to judicial proceedings and records." *Goldstein v. Forbes (In re: Cendant, Corp.)* 260 F.3d 183, 192 (3d Cir. 2001). Consistent with that principle, a "party seeking to seal any part of a judicial record bears the heavy burden of demonstrating that the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citations omitted). A court, however, "has the power to seal where confidential information may be disclosed to the public." *Endo Pharms., Inc. v. Impax Labs, Inc.*, Civ. Action No. 2:16-cv-2526 (JLL-JAD) at*6 (D.N.J. Jul. 20, 2017).

The allegations Plaintiff made against Defendant, if brought in a criminal proceeding, would have been sealed as a juvenile adjudication. Indeed, the specific acts alleged against Defendant occurred when he was no more than twelve years old—allegations that in a criminal context would have almost certainly been brought outside the public's view. The fact that Plaintiff brought a civil case, rather than a criminal proceeding having been brought, does not change the analysis of the privacy interests implicated for juvenile proceedings and the attendant New Jersey law restricting those records from public access.

This Court will seal docket entries where necessary to protect juvenile records and juvenile adjudications. "Respondents request that this Court seal Petitioner's state court juvenile records as such records are not generally available to the public, are sealed in state court, and implicate Petitioner's privacy interests . . . . [A]s this Court recognizes the privacy interests in maintaining the secrecy of Petitioner's sealed juvenile records, that motion is granted." *Baker v. AG of State*, 2021 U.S. Dist. LEXIS

2

104750, Civ. Action No. 20-8235 (MAS) at *13 (D.N.J. June 3, 2021). Noting that "delinquent adjudications" are customarily not publicly available, sealing relevant records may be required:

> Under New Jersey law, persons have a limited privacy interest protecting against disclosure of delinquent adjudications. S*tate ex rel. D.A.*, 385 N.J. Super. 411, 897 A.2d 425, 428 (App. Div. 2006); see *State v. Van Dyke*, 361 N.J. Super. 403, 825 A.2d 1163, 1168 (App. Div. 2003) ("There is a strong interest in protecting the confidentiality of juvenile records" (quoting *State v. Allen*, 70 N.J. 474, 361 A.2d 5 (1976)). The limited privacy interest is codified in N.J.S.A. 2A:4A-60, which explicitly safeguards against the public disclosure of such records and allows juvenile records to be inspected only by certain categories of officials and entities for limited purposes, reflecting a balance of protecting the public and aiding in rehabilitation. *State ex rel. D.A.*, 897 A.2d at 428. Disclosure of these juvenile records would result in the loss of privacy protected by New Jersey law in aid of rehabilitation of juveniles. There is no meaningful way to redact the juvenile records. Therefore, there is no less restrictive alternative to the relief sought through this motion. The Court will grant Respondents' motion to seal.

*Taylor v. N.J. State Parole Bd.*, 2019 U.S. Dist. LEXIS 257, Civ. Action No. 18-2465 (RMB), at *2-3 (D.N.J. Jan. 2, 2019). These cases reflect this Court's acknowledgement of the legitimate interests, codified in New Jersey law, in protecting allegations made against juveniles.

The parties therefore submit that their application satisfies the requirements of Local Civil Rule 5.3, which requires a motion to seal to describe:

(a) The nature of the materials or proceedings at issue;
(b) The legitimate private or public interest which warrants the relief sought;
(c) The clearly defined and serious injury that would result if the relief sought is not granted;
(d) Why a less restrictive alternative to the relief sought is not available;
(e) Any prior order sealing the same materials in the pending action; and
(f) The identity of any party or nonparty known to be objecting to the sealing request.

Local Civil Rule 5.3(c)(3)(a-f).

Here, the entries sought to be sealed are those that reflect or describe the allegations brought against Defendant when he was a minor. Sealing only those specific docket entries that describe the nature of the allegations brought against Defendant—entries 1, 6, 10, 17, and 23, as well as this current submission—constitutes the least restrictive method of protecting the legitimate interests recognized in

3

similar contexts by New Jersey law. These entries, as they describe the nature of the allegations made against Defendant when he was a minor, implicate his significant privacy concerns and would otherwise be protected under New Jersey state law. Failure to seal those records would result in immediate and irreparable reputational harm, justifying their exclusion from the public record as a matter of law. Plaintiff also is entitled to privacy with respect to the claims she made, which is compromised by the public dissemination of her claims. Indeed, the very statute under which Plaintiff brings her claims, N.J.S.A. 2A:61B-1, provides that 'the name, address, and identity of a victim *or a defendant* shall not appear on the complaint or any other public record as defined in P.L.1963, c.73 (C.47:1A-1 et seq.). In their place initials or a fictitious name shall appear." (emphasis added). In this instance, due to the relationship cited in the allegations, Plaintiff's anonymity is likewise jeopardized by public access to these documents.

    No previous orders have been entered in this matter concerning the sensitive materials at issue here. Moreover, Plaintiff joins in this request and the parties are not aware of any non-party known to be objecting to the limited request to seal certain docket entries identified above.

    As an alternative to sealing the records, redacted versions of each entry, substituting Defendant's initials or a pseudonym for his name and removing any other identifying information, and modifying the docket accordingly, could be ordered.

## Conclusion

For the foregoing reasons, Plaintiff and Defendant respectfully request that the motion to seal be granted.

Respectfully submitted,

| WHIPPLE AZZARELLO, LLC | THE LAW OFFICE OF DANIEL B. SHAPIRO |
|---|---|
| By: s/ John A. Azzarello<br>John A. Azzarello | By: s/ Daniel B. Shapiro<br>Daniel B. Shapiro |